UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND B., )<br>)<br>      **Plaintiff** )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, )<br>Commissioner of Social Security, )<br>)<br>      **Defendant** ) | No. 1:22-cv-00393-JAW |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred by refusing to consider rebuttal vocational evidence submitted after the post-hearing deadline she set for such evidence and by assessing a mental residual functional capacity (RFC) unsupported by substantial evidence. *See* Plaintiff's Brief (ECF No. 11). I discern no error and recommend that the Court affirm the Commissioner's decision.

**I. Background**

The Plaintiff applied for benefits in 2019. *See* Record at 17. After his claims were denied at the initial and reconsideration levels, he requested a hearing before an ALJ. *See id.* That hearing took place in June 2021, *see id.* at 41-77, following which the ALJ issued a written decision in January 2022 finding that the Plaintiff had the severe impairments of atrial fibrillation, malunion status-post right index metacarpal fracture, affective disorder, alcohol abuse disorder, personality disorder, and anxiety disorder, *see id.* at 16-32. The ALJ went on to find that the Plaintiff had

1

the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with exertional and nonexertional limitations, including that he could understand, remember, and carry out simple instructions within the setting of normal breaks; could be in the vicinity of—but not interact with—the public; and could tolerate simple changes in his routine work setting. *See id*. at 25. Ultimately, the ALJ concluded that the Plaintiff could not return to his past relevant work with such an RFC but that he could perform other jobs existing in significant numbers in the national economy and was therefore not disabled. *See id*. at 30-32. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id*. at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.  Discussion

### A.  Rebuttal Vocational Evidence

At the Plaintiff's hearing, the ALJ set a deadline of June 22, 2021, for post-hearing briefing and specified that the deadline "also encompasse[d] any rebuttal, arguments, affidavits or evidence concerning [the vocational expert (VE)] testimony, job numbers or the like from [the Plaintiff's counsel] or any third party." Record at 50, 77.  After that deadline expired, the Plaintiff's counsel submitted a rebuttal vocational affidavit from VE David Meuse.  *See* ECF Nos. 11-1 to 11-2. The ALJ excluded the Meuse affidavit as untimely, noting that the Plaintiff's counsel "did not ask for additional time at the hearing, nor did he submit any timely written extension request" or otherwise "report good cause" for the late filing.  *See* Record at 18-19.  The ALJ acknowledged that counsel had "at times argued that" SSR 96-9p, 1996 WL 374185, at *9 n.8 (July 2, 1996), provided "a basis for submitting VE rebuttal evidence at any point prior to issuance of a decision," but she rejected that argument as "unpersuasive."  Record at 18.

On appeal, the Plaintiff argues that the ALJ erred in not considering the Meuse affidavit because SSR 96-9p and this Court's caselaw establish that claimants have the absolute right to submit rebuttal vocational evidence at any time before a decision issues.  *See* Plaintiff's Brief at 12-15; Reply Brief (ECF No. 18) at 1-3.

3

For the same reasons explained in my recent recommended decision in *Kenneth W. ex rel. Matthew W. v. Saul*, No. 2:23-cv-00204-JDL, 2024 WL 277833 (D. Me. Jan. 25, 2024), I reject the Plaintiff's arguments on this point and conclude that the ALJ had the authority to set a clear deadline for rebuttal vocational evidence and that she did not abuse her discretion in declining to consider the Meuse affidavit submitted without any justification after that deadline.[1]

### B.  Mental RFC

Aside from his rebuttal vocational evidence argument, the Plaintiff spent the bulk of his briefing arguing that the ALJ's physical RFC assessment is unsupported by substantial evidence because, in his view, she relied on the outdated opinions of agency nonexamining consultants and construed later-submitted medical evidence without the benefit of an expert opinion.  *See generally* Plaintiff's Brief; Plaintiff's Reply Brief.  At oral argument, however, the Plaintiff conceded his physical RFC arguments and the only point he pressed was that the ALJ erred in relying on the agency nonexamining consultants' mental RFC opinions because they did not see evidence of his March 2020 hospitalization for suicidal ideations. He argued, briefly, that the ALJ could not properly assess the significance of the hospitalization because it was beyond her capabilities as a layperson.

---

[1] In his reply brief, the Plaintiff points out that it took the ALJ six months to issue her decision and argues that this fact demonstrates the unreasonableness of her refusal to consider the Meuse affidavit. *See* Reply Brief at 3.  I am not persuaded that the length of time it took the ALJ to issue her decision ex post facto excused the Plaintiff's failure to comply with the deadline.  *See Kenneth W.*, 2024 WL 277833, at *4 n.6 (rejecting the same argument); *cf. Brownell v. Berryhill*, No. 17-11462-FDS, 2018 WL 615662, at *2 (D. Mass. Jan. 29, 2018) ("The fact that the ALJ may be slightly behind on his caseload is not permission to submit additional evidence that could have been submitted while the record was open.").

4

The problem with the Plaintiff's argument on this point is that it is woefully underdeveloped. In his primary brief, he mentions the March 2020 hospitalization twice in passing, *see* Plaintiff's Brief at 4, 9, but fails to engage with the ALJ's discussion of it or explain in a nonconclusory way how it calls into question the agency opinions on which the ALJ relied. And even after the Commissioner asserted in his brief that the hospitalization resulted from the Plaintiff's alcohol use and was cumulative of the earlier evidence the agency noexamining consultants reviewed, *see* Commissioner's Brief (ECF No. 17) at 15-16, the Plaintiff did not meaningfully respond in his reply brief. In these circumstances, I conclude that the Plaintiff waived his argument about the March 2020 hospitalization by failing to adequately develop it. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough to merely mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").[2]

---

[2] To the extent that the Plaintiff continues to press his arguments that some of the agency nonexamining consultants failed to review all of his then-available mental-health records and failed to discuss the opinions of two of his treating providers, *see* Plaintiff's Brief at 8-10, I fail to discern any harmful error, *see Archer v. Colvin*, No. 1:13-cv-00018-NT, 2014 WL 457641, at *3 n.3 (D. Me. Feb. 4, 2014) ("Remand requires a showing that the outcome of the claim for benefits would likely be different if the plaintiff's view of an issue is correct."). The consultant on reconsideration made clear that his mental RFC opinion was based on all of the then-available mental health evidence, rendering any earlier error during the initial review harmless. *See* Record at 107, 118. And the letters that the Plaintiff points to from two of his providers do not meet the definition of medical opinions; rather they primarily opine on issues reserved to the Commissioner. *See id.* at 954-55; 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2) ("A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he has] one or more impairment-related limitations or restrictions . . . ."); 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i) (noting that "[s]tatements that [a claimant is or is] not disabled, blind, able to work, or able to perform regular or continuing work" are "inherently neither valuable nor persuasive" because those issues are "reserved to the Commissioner").

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be ***AFFIRMED***.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 31, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge